1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9               FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    LARRY ALTAMIRANO SERMENO,              No.  2:14-cv-2729 DAD P

12                    Petitioner,

13         v.                                ORDER

14    M.E. SPEARMAN,

15                    Respondent.

16

17        Petitioner is a state prisoner proceeding pro se with a petition for a writ of habeas corpus

18    pursuant to 28 U.S.C. § 2254.  Petitioner challenges a 2012 judgment of conviction entered

19    against him by the Butte County Superior Court.

20    I. Background

21        The facts set forth below are derived from the operative petition for writ of habeas corpus

22    (ECF No. 1 at 1 - 38, 62 - 75), documents attached as exhibits thereto (id. at 42 - 61), and

23    publicly-available California state court filings.  The court takes judicial notice of the latter

24    pursuant to Federal Rule of Evidence 201.

25        On May 15, 2012, the Butte County Superior Court entered a judgment of conviction

26    against petitioner following his entry of plea pursuant to a plea agreement.  (Id. at 1.)  Petitioner

27    pled no contest to oral copulation of an unconscious person (Cal. Penal Code § 288a) and assault

28    with a deadly weapon (Cal. Penal Code § 245(a)(1)).  He also pled no contest to the enhancement

1

1    allegation of having inflicted great bodily injury on the victim.  California Penal Code

2    § 12022.7(a)).  See People v. Sermeno, No. C072321, 2014 WL 2528880 at *1 (Cal. Ct. App.

3    Jun. 5, 2014).  On August 28, 2012, petitioner was sentenced to a term of 10 years in California

4    state prison, less 437 days of presentence custody credit.  (Sermeno, 2014 WL 2528880 at *1;

5    ECF No. 1 at 1.)

6          On October 26, 2012, petitioner filed a direct appeal of his conviction.  On June 5, 2014,

7    the California Court of Appeal for the Third Appellate District affirmed the judgment of

8    conviction.  See Sermeno, 2014 WL 2528880 at *1.  Petitioner did not file a petition for review

9    with the California Supreme Court.  (ECF No. 1 at 2.)

10         On April 23, 2013, petitioner filed a petition for writ of habeas corpus with the Butte

11   County Superior Court.  (ECF No. 1 at 3, 43.)  Petitioner therein raised four grounds for habeas

12   relief:  (i) ineffective assistance of counsel based on a failure to investigate; (ii) ineffective

13   assistance of counsel based on a fraudulently-induced plea; (iii) prosecutorial violation of Brady

14   v. Maryland, 373 U.S. 83 (1963); and (iv) insufficient evidence to support the conviction.  (Id.)

15   On April 2, 2014, the Butte County Superior Court denied the petition.  (Id.)

16         On June 2, 2014, petitioner filed a second petition for writ of habeas corpus with the Butte

17   County Superior Court.  (ECF No. 1 at 4, 46.)  Petitioner therein raised one ground for habeas

18   relief, asserting violations of Brady v. Maryland, 373 U.S. 83 (1963), and Giglio v. United States,

19   405 U.S. 150 (1972) by the state during his appellate and post-conviction proceedings.  (Id. at 4.)

20   On June 19, 2014, the Butte County Superior Court also denied the petition.  (Id. at 46.)

21   Petitioner then filed habeas petitions with the state appellate courts.  (Id. at 5.)  On August 28,

22   2014, the California Court of Appeal for the Third Appellate District issued a summary denial of

23   petitioner's petition for writ of habeas corpus.  (ECF No. 1 at 45.)  On October 8, 2014, petitioner

24   filed a petition for writ of habeas corpus with the California Supreme Court, Case No. S221753.

25   On December 10, 2014, the California Supreme Court denied that petition, citing the decision in

26   People v. Duvall, 9 Cal. 4th 464, 474 (1995).

27         Meanwhile, petitioner filed two more petitions for writ of habeas corpus, dated September

28   25, 2014 and October 1, 2014, with the Butte County Superior Court.  (ECF No. 1 at 4, 50.)

Petitioner therein raised two grounds for habeas relief: (i) actual innocence and (ii) newly-discovered evidence. (Id.) On October 10, 2014, the Butte County Superior Court denied both of those petitions. (Id. at 52.)

On November 20, 2014, petition filed the instant petition for writ of habeas corpus with this court. Petitioner seeks federal habeas relief on the following grounds: (i) actual innocence (ECF No. 1 at 5); (ii) newly-discovered evidence (id. at 12); (iii) Brady and Giglio violations (id. at 14, 62); (iv) ineffective assistance of counsel based on a failure to investigate Brady evidence (id. at 26); and (v) ineffective assistance of counsel based on a fraudulently-induced plea (id. at 29). Petitioner also includes a sixth ground for habeas relief which, as with the fifth ground, addresses the voluntariness of his entry into his plea agreement. (Id. at 32-33.) On May 11, 2015, petitioner filed a motion to supplement his federal habeas petition. (ECF No. 5.)

II. Motion to Supplement the Habeas Petition

In his motion to supplement the habeas petition pending before this court, petitioner includes 19 pages of new information regarding potential grounds for federal habeas relief.[1] (See ECF No. 5 at 3-21.) Petitioner is informed that the court cannot refer to another pleading in order to make a habeas petition complete. Local Rule 220 requires that an amended pleading be complete in and of itself without reference to any other pleading. Petitioner's motion to supplement his habeas petition will therefore be denied. Given his motion to supplement, however, it is now unclear precisely what claims and theories of federal habeas relief petitioner is actually seeking to pursue. Accordingly, the court will also dismiss the pending petition for writ of habeas corpus and grant petitioner leave to file an amended petition in which he must set forth all of his grounds for relief along with any pertinent additional information and argument in support of those claims.

---

[1] Petitioner also moves the court to vacate his state court judgment of conviction pursuant to Federal Rule of Civil Procedure 60(b). Petitioner is informed that a party may bring a motion under Rule 60(b) only to obtain relief from a final judgment, order, or proceeding that issues in a civil proceeding in federal court. The rule has no applicability here where petitioner is challenging a state court conviction.

1    III.   Exhaustion of State Remedies

2            The court notes that it appears that petitioner may not have fully exhausted all of his

3    claims by presenting them to the California Supreme Court prior to filing his federal petition.

4            Generally speaking, the exhaustion of state court remedies is a prerequisite to the granting

5    of a petition for writ of habeas corpus.  28 U.S.C. § 2254(b)(1).  A petitioner satisfies the

6    exhaustion requirement by providing the highest state court with a full and fair opportunity to

7    consider all claims before presenting them to the federal court.  See Rhines v. Weber, 544 U.S.

8    269, 273 (2005) ("[F]ederal district courts may not adjudicate mixed petitions for habeas corpus,

9    that is, petitions containing both exhausted and unexhausted claims.") (citing Rose v. Lundy, 455

10   U.S. 509, 518-19 (1982)); King v. Ryan, 564 F.3d 1133 (9th Cir. 2009) ("Habeas petitioners have

11   long been required to adjudicate their claims in state court – that is, 'exhaust' them – before

12   seeking relief in federal court."); Farmer v. Baldwin, 497 F.3d 1050, 1053 (9th Cir. 2007) ("This

13   so-called 'exhaustion requirement' is intended to afford 'the state courts a meaningful opportunity

14   to consider allegations of legal error' before a federal habeas court may review a prisoner's

15   claims.") (quoting Vasquez v. Hillery, 474 U.S. 254, 257 (1986)).  The exhaustion requirement

16   will not be deemed to have been waived unless the state, through counsel, expressly waives the

17   requirement.  28 U.S.C. § 2254(b)(3).

18           The state court has an opportunity to rule on the merits of a claim when the petitioner

19   fairly presents the claim to that court.  The fair presentation requirement is met where the

20   petitioner has described the operative facts and the federal legal theory on which the claim is

21   based.  See Picard v. Connor, 404 U.S. 270, 277-78 (1971); Wooten v. Kirkland, 540 F.3d 1019,

22   1025 (9th Cir. 2008) ("Fair presentation requires that a state's highest court has 'a fair

23   opportunity to consider . . . and to correct [the] asserted constitutional defect.'"); Lounsbury v.

24   Thompson, 374 F.3d 785, 787 (9th Cir. 2004) (same) (quoting Picard, 404 U.S. at 276)); Kelly v.

25   Small, 315 F.3d 1063, 1066 (9th Cir. 2003) ("Exhaustion requires the state prisoner give the state

26   courts a 'fair opportunity to act' on each of his claims before he presents those claims in a federal

27   habeas petition.") (quoting O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999)), overruled on other

28   grounds by Robbins v. Carey, 481 F.3d 1143, 1146 (9th Cir. 2007); Weaver v. Thompson, 197

1    F.3d 359, 364 (9th Cir. 1999) ("The state courts have been given a sufficient opportunity to hear

2    an issue when the petitioner has presented the state court with the issue's factual and legal

3    basis."). Generally, it is "not enough that all the facts necessary to support the federal claim were

4    before the state courts . . . or that a somewhat similar state-law claim was made." Anderson v.

5    Harless, 459 U.S. 4, 6 (1982). Instead,

> [i]f state courts are to be given the opportunity to correct alleged
> violations of prisoners' federal rights, they must surely be alerted to
> the fact that the prisoners are asserting claims under the United
> States Constitution. If a habeas petitioner wishes to claim that an
> evidentiary ruling at a state court trial denied him the due process of
> law guaranteed by the Fourteenth Amendment, he must say so, not
> only in federal court, but in state court.

10   Duncan v. Henry, 513 U.S. 364, 365 (1995). Accordingly, "a claim for relief in habeas corpus

11   must include reference to a specific federal constitutional guarantee, as well as a statement of the

12   facts which entitle the petitioner to relief." Gray v. Netherland, 518 U.S. 152 (1996).

13        In his original federal habeas petition, petitioner states that he did not appeal from the

14   denial of his first and third state court habeas petitions all the way to the California Supreme

15   Court. (ECF No. 1 at 5.) Thus, his original federal petition appears to contain both exhausted

16   and unexhausted claims.[2]

17        It may be that petitioner requires a stay and abeyance of his federal habeas proceedings

18   until he has fully exhausted state remedies. Petitioner is hereby advised of the following

19   requirements for a motion for stay and abeyance. The United States Court of Appeals for the

20   Ninth Circuit has analyzed the two procedures available to habeas petitioners who wish to

21   proceed with both exhausted and unexhausted claims for relief in federal court. See King v.

22   Ryan, 564 F.3d 1133 (9th Cir. 2009). First, the Ninth Circuit explained "the Kelly procedure,"

23

---

24   [2] Petitioner attempts to justify his failure to exhaust on the grounds that he "is actually innocent
     and it would be a miscarriage of justice not to entertain the claims." (ECF No. 1 at 5.) Petitioner

25   misapprehends the applicable law. While the United States Supreme Court has recognized that
     "the miscarriage of justice exception [may] overcome various procedural defaults," McQuiggin v.

26   Perkins, 569 U.S. __, __, 133 S. Ct 1924, 1931 (2013), a failure to comply with the exhaustion
     requirement set forth in 28 U.S.C. § 2254(b)(1) is not among the procedural defaults that may be

27   so excused. A habeas petitioner must still provide the highest state court with a full and fair
     opportunity to first consider all of his claims before presenting them in federal court.

28

5

outlined in <u>Kelly v. Small</u>, 315 F.3d 1063 (9th Cir. 2003).  Under the three-step <u>Kelly</u> procedure,

> (1) the petitioner amends his petition to delete any unexhausted claims, (2) the court stays and holds in abeyance the amended, fully exhausted petition, allowing petitioner the opportunity to proceed to state court to exhaust the deleted claims, and (3) petitioner later amends his petition and re-attaches the newly-exhausted claims to the original petition.

<u>King</u>, 564 F.3d at 1135.  A petitioner who elects to proceed under the <u>Kelly</u> procedure will be able to amend his petition with his newly exhausted claims if they are timely under the statute of limitations governing the filing of federal habeas petitions.[3]  However, if a petitioner's newly-exhausted claims are untimely, he will only be able to amend his petition to include them if they share a "common core of operative facts" with the claims set forth in his original federal petition.  In this regard, the <u>Kelly</u> procedure, unlike the alternative procedure discussed below, is a riskier one for a federal habeas petitioner because it does not protect a petitioner's unexhausted claims from expiring during a stay.  See <u>King</u>, 564 F.3d at 1140-41; <u>see also</u> <u>Duncan v. Walker</u>, 533 U.S. 167, 172-75 (2001) (unlike the filing of a state habeas petition, the filing of a federal habeas petition does not toll the statute of limitations).

As the Ninth Circuit explained in <u>King</u>, the United States Supreme Court has authorized an alternative stay and abeyance procedure which it outlined in <u>Rhines v. Weber</u>, 544 U.S. 269, 277 (2005).  Under the <u>Rhines</u> procedure, the petitioner need not amend his federal habeas petition to delete unexhausted claims.  Instead, the petitioner may proceed on a "mixed petition," i.e., one containing both exhausted and unexhausted claims; his unexhausted claims remain pending in federal court while he returns to state court to exhaust them.  See <u>King</u>, 564 F.3d at 1140; <u>Jackson v. Roe</u>, 425 F.3d 654, 660 (9th Cir. 2005) ("<u>Rhines</u> concluded that a district court has discretion to stay a mixed petition to allow a petitioner time to return to state court to present unexhausted claims.").  A petitioner who elects to proceed under the <u>Rhines</u> procedure can, in

---

[3]  The habeas corpus statute imposes a one year statute of limitations for filing non-capital habeas corpus petitions in federal court.  In most cases, the one year period will start to run on the date on which the state court judgment became final by the conclusion of direct review or the expiration of time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending.  28 U.S.C. § 2244(d).

1  many instances, avoid an issue with respect to the timeliness of the claims set forth in his federal

2  petition.  See King, 564 F.3d at 1140.  However, the Supreme Court has also cautioned that a

3  "stay and abeyance [under the Rhines procedure] should be available only in limited

4  circumstances," and "district courts should place reasonable time limits on a petitioner's trip to

5  state court and back."  Rhines, 544 U.S. at 277-78.  The Supreme Court explained that district

6  courts should not grant such a stay if the petitioner has engaged in abusive litigation tactics or

7  intentional delay or if the unexhausted claims are plainly meritless.  Id. at 278.  Further, under

8  Rhines, "'stay-and-abeyance is only appropriate when the district court determines there was

9  good cause for the petitioner's failure to exhaust his claims first in state court.'"  King, 564 F.3d

10  at 1139 (quoting Rhines, 544 U.S. at 277-78).  The decisions in both Kelly and Rhines "are

11  directed at solving the same problem – namely, the interplay between AEDPA's one-year statute

12  of limitations and the total exhaustion requirement first articulated in Rose v. Lundy, 455 U.S.

13  509 (1982)."  King, 564 F.3d at 1136.

14        Finally, petitioner is cautioned that if he chooses to proceed on an amended petition

15  raising only exhausted claims and does not move for a stay, he risks forfeiting consideration of

16  the unexhausted claims in this or any other federal court.  See McCleskey v. Zant, 499 U.S. 467

17  (1991); see also Rose, 455 U.S. at 520-21; Rule 9(b), 28 U.S.C. foll. § 2254.

18  IV.  Request to Proceed In Forma Pauperis

19        Petitioner has also filed an application to proceed in forma pauperis.[4]

20        Examination of the in forma pauperis application reveals that petitioner is unable to afford

21  the costs of suit.  Accordingly, the application to proceed in forma pauperis will be granted.  See

22  28 U.S.C. § 1915(a).

23  /////

24  /////

25  [4]  Petitioner mistakenly attached an application to proceed in forma pauperis to his initial petition

26  for grant of habeas corpus.  (See ECF No. 1 at 39-40.)  Petitioner separately filed the signed
certificate portion of the application, and a certified copy of his prison trust account statement for

27  the six month period immediately preceding the filing of the complaint.  (See ECF No. 2.)
Considered together, these filings comprise a properly-completed application to proceed in forma

28  pauperis.

1   V.  Motion for Appointment of Counsel

2        Petitioner has requested the appointment of counsel.  There currently exists no absolute

3   right to appointment of counsel in habeas proceedings.  See Nevius v. Sumner, 105 F.3d 453, 460

4   (9th Cir. 1996).  However, 18 U.S.C. § 3006A authorizes the appointment of counsel at any stage

5   of the case "if the interests of justice so require."  See Rule 8(c), 28 U.S.C. foll. § 2254.  In the

6   present case, the court does not find that the interests of justice would be served by the

7   appointment of counsel at the present time.

8    VI.  Conclusion

9        In accordance with the foregoing, IT IS HEREBY ORDERED that:

10       1.  Petitioner's petition for a writ of habeas corpus (ECF No. 1) is dismissed.

11       2.  Within thirty days of the date of service of this order, petitioner shall do one of the

12   following:

13           (a) file an amended petition that contains all of his exhausted and unexhausted

14   claims, together with a motion for a stay and abeyance with sufficient facts and information to

15   satisfy the requirements of Rhines, or

16           (b)  file an amended habeas petition in this court containing only exhausted claims,

17   together with a motion for a stay indicating that he wishes to proceed under the Kelly stay

18   procedure, or

19           (c)  file an amended habeas petition in this court containing solely exhausted

20   claims, thereby forfeiting consideration of his unexhausted claims.

21   Any amended petition must bear the case number assigned to this action and the title "Amended

22   Petition."  Failure to comply with this order will result in a recommendation that this action be

23   dismissed without prejudice.

24       3.  The Clerk of the Court is directed to send petitioner a blank form used by prisoners in

25   this district to petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

26       4.  Petitioner's motion to proceed in forma pauperis (ECF No. 2) is granted.

27       5.  Petitioner's January 9, 2015 and May 11, 2015 motions for appointment of counsel

28   (ECF Nos. 4, 6) are denied without prejudice to their renewal at a later stage of the proceedings.

1        6.  Petitioner's motion to supplement the habeas petition and vacate the state court

2    judgment of conviction (ECF No. 5) is denied.

3    Dated:  August 14, 2015

4

5    DALE A. DROZD

6    UNITED STATES MAGISTRATE JUDGE

7    DAD:10
     serm2729.103mix

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28