UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY ALTAMIRANO SERMENO,<br><br>Petitioner,<br><br>v.<br><br>M.E. SPEARMAN,<br><br>Respondent. | No. 2:14-cv-02729 DB P<br><br><br><br>ORDER |

Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for a writ of habeas corpus under 28 U.S.C. § 2254. Before the court are petitioner's first amended petition ("FAP") and numerous motions. For the reasons set forth below, the undersigned will grant in part petitioner's motion for reconsideration and give petitioner an opportunity to explain whether he has exhausted his state court remedies for all claims alleged in the FAP. If petitioner has not exhausted those claims, then the undersigned will recommend that these proceedings be stayed pending petitioner's exhaustion of his state court remedies. In addition, the undersigned will deny petitioner's remaining motions.

////

////

////

////

1

# BACKGROUND

The facts set forth below are derived from the FAP (ECF No. 9 at 1-37), documents attached as exhibits thereto (id. at 41-186), and publicly-available California state court filings.[1] The court takes judicial notice of the latter pursuant to Federal Rule of Evidence 201.

On May 15, 2012, the Butte County Superior Court entered a judgment of conviction against petitioner pursuant to a plea agreement. (Id. at 2.) Petitioner pled no contest to oral copulation of an unconscious person (Cal. Penal Code § 288a) and assault with a deadly weapon (Cal. Penal Code § 245(a)(1)). He also pled no contest to the allegation of having inflicted great bodily injury on the victim (Cal. Penal Code § 12022.7(a)), resulting in a sentencing enhancement. See People v. Sermeno, No. C072321, 2014 WL 2528880, at *1 (Cal. Ct. App. Jun. 5, 2014). On August 28, 2012, petitioner was sentenced to a term of 10 years in California state prison, less 437 days of presentence custody credit. Id.

On October 26, 2012, petitioner filed an appeal of his conviction. On June 5, 2014, the California Court of Appeal for the Third Appellate District affirmed the judgment of conviction. Id. Petitioner did not file a petition for review with the California Supreme Court. (ECF No. 9 at 2.)

On April 23, 2013, petitioner filed a petition for writ of habeas corpus with the Butte County Superior Court. (ECF No. 9 at 3.) Therein, petitioner raised four grounds for habeas relief: (i) ineffective assistance of counsel based on a failure to investigate; (ii) ineffective assistance of counsel based on a fraudulently-induced plea; (iii) prosecutorial violation of Brady v. Maryland, 373 U.S. 83 (1963); and (iv) insufficient evidence to support the conviction. (Id.) On April 2, 2014, the Butte County Superior Court denied the petition. (Id. at 3, 42.)

On June 2, 2014, petitioner filed a second petition for writ of habeas corpus with the Butte County Superior Court. (ECF No. 9 at 4.) Therein, petitioner raised one ground for habeas relief, asserting violations of Brady v. Maryland, 373 U.S. 83 (1963) and Giglio v. United States, 405 U.S. 150 (1972) by the state during his appellate and post-conviction proceedings. (Id.) On June

---

[1] Dockets of cases filed in the California Courts of Appeal and the California Supreme Court are available electronically at: http://appellatecases.courtinfo.ca.gov/.

19, 2014, the Butte County Superior Court denied the petition. (Id. at 4, 45-48.) Petitioner then filed habeas petitions with the state appellate courts. (Id. at 5.) On August 28, 2014, the California Court of Appeal for the Third Appellate District issued a summary denial of petitioner's petition for writ of habeas corpus. (Id. at 44.) On October 8, 2014, petitioner filed a petition for writ of habeas corpus with the California Supreme Court, case no. S221753. On December 10, 2014, the California Supreme Court issued a denial of the petition, citing People v. Duvall, 9 Cal. 4th 464, 474 (1995).

Meanwhile, petitioner filed two more petitions for writs of habeas corpus, dated September 25, 2014 and October 1, 2014, with the Butte County Superior Court. (ECF No. 9 at 4.) Petitioner therein raised two grounds for habeas relief: (i) actual innocence and (ii) newly-discovered evidence. (Id.) On October 10, 2014, the Butte County Superior Court denied these petitions. (Id. at 52-59.)

On November 20, 2014, petitioner filed a petition for writ of habeas corpus with this court. Petitioner sought federal habeas relief on the following grounds: (i) actual innocence; (ii) newly-discovered evidence; (iii) Brady and Giglio violations; (iv) ineffective assistance of counsel based on a failure to investigate Brady evidence; (v) ineffective assistance of counsel based on a fraudulently-induced plea; and (vi) a second claim regarding the voluntariness of his plea agreement. On May 11, 2015, petitioner filed a motion to supplement his habeas petition. (ECF No. 5.)

On August 17, 2015, previously-assigned Magistrate Judge, now District Judge, Drozd considered petitioner's originally-filed petition and the subsequent motion to supplement the petition. Judge Drozd found it unclear which claims petitioner intends to pursue in this action. (ECF No. 8 at 3.) In addition, Judge Drozd determined that some of petitioner's claims appear to be unexhausted. (Id. at 5.) Judge Drozd directed petitioner to do one of the following three things within thirty days:

> (a) file an amended petition that contains all of his exhausted and unexhausted claims, together with a motion for a stay and abeyance with sufficient facts and information to satisfy the requirements of Rhines, or

      (b) file an amended habeas petition in this court containing only exhausted claims, together with a motion for a stay indicating that he wishes to proceed under the Kelly stay procedure, or

      (c) file an amended habeas petition in this court containing solely exhausted claims, thereby forfeiting consideration of his unexhausted claims.

(Id. at 8.)

      On September 16, 2015, petitioner filed the FAP (ECF No. 9) and on September 17 filed a motion to stay (ECF No. 12).  At the same time, petitioner filed a motion for discovery (ECF No. 10) and request for reconsideration of the court's August 17 order (ECF No. 13).  Recently, petitioner filed a motion to expedite review (ECF No. 17) and a motion for a stay of the state court sentence (ECF No. 18).

      The body of petitioner's FAP is nearly identical to his original petition.[2]  Petitioner again alleges (i) actual innocence (ECF No. 9 at 5-11); (ii) newly-discovered evidence (id. at 12-14); (iii) Brady and Giglio violations (id. at 14-24, 60-72); (iv) ineffective assistance of counsel based on a failure to investigate Brady evidence (id. at 24-28); and (v) ineffective assistance of counsel based on a fraudulently-induced plea (id. at 28-31).  Petitioner again includes a sixth ground for habeas relief which, as with the fifth ground, addresses the voluntariness of his plea agreement.  (Id. at 31-34).  With this amended petition, petitioner includes new attachments showing his March 2015 request for discovery from the Butte County Superior Court and the District Attorney's response to that request.  (Id. at 78-97, 100-117.)  He also attaches an additional "Memorandum of Points and Authorities" regarding his Brady allegations which consists of copies of personnel and state bar complaints he filed against the district attorney's office and Paradise Police Department, and a long list of cases and authorities.  (Id. at 119-186.)

**Motion for Reconsideration**

      Petitioner moves for reconsideration of the August 17, 2015 order.  (ECF No. 13.)  A court will reconsider its prior ruling if the moving party shows: (1) what new or different facts or

---

[2] The court finds only two differences between the bodies of each petition.  First, petitioner included a notation referencing "newly discovered evidence" that is included in his motion for reconsideration and attached as exhibit A.  (ECF No. 9 at 13.)  Second, petitioner omitted one page of case citations in the FAP.  (Compare ECF No. 1 at 23 with No. 9 at 23.)

1  circumstances are claimed to exist which did not exist or were not shown upon such prior motion,
2  or what other grounds exist for the motion; and (2) why the facts or circumstances were not
3  shown at the time of the prior motion.  E.D. Cal. R. 230(j).

4  Judge Drozd did two things in the August 17, 2015 order.  First, he found that it was not
5  clear just which claims petitioner sought to raise.  (ECF No. 8 at 3.)  Second, he found that
6  petitioner had not exhausted some of his claims.  (Id. at 5.)  The failure to exhaust was clear from
7  the face of petitioner's petition.  Petitioner stated that he had not appealed the denial of his first
8  and third state court habeas petitions all the way to the California Supreme Court.  (ECF No. 1 at
9  5.)  Judge Drozd gave petitioner the three options set out above; each option required petitioner to
10  file an amended petition, which petitioner has done, and two options required petitioner to seek a
11  stay of these proceedings in order to exhaust his state court remedies.  (ECF No. 8 at 8.)  At the
12  time he filed his FAP, petitioner also moved for a stay.

13  In his motion for reconsideration, petitioner challenges Judge Drozd's determination that
14  he be required to exhaust his state court remedies before proceeding on his unexhausted claims.
15  Petitioner does not contend that he has exhausted all claims.  Rather, petitioner argues in his
16  motion that he should be excused from any "procedural defaults."  (Id. at 2-3.)   He also reiterates
17  the arguments made in his petition and FAP that the fact he has claims of actual innocence "will
18  overcome the procedural bar on all of the unexhausted claims."  (Id.)

19  As Judge Drozd informed petitioner in the August 17 order, his argument combines two
20  separate doctrines of federal habeas corpus law:  procedural default and exhaustion.  (ECF No. 8
21  at 5 n.2.)   The Ninth Circuit Court of Appeals has described the distinction between the
22  exhaustion requirement and the procedural default rule:

> "The exhaustion doctrine applies when the state court has never been presented with an opportunity to consider a petitioner's claims and that opportunity may still be available to the petitioner under state law.  In contrast, the procedural default rule barring consideration of a federal claim applies only when a state court has been presented with the federal claim, but declined to reach the issue for procedural reasons, or if it is clear that the state court would hold the claim procedurally barred."

28  ////

5

Cassett v. Stewart, 406 F.3d 614, 621 n.5 (9th Cir. 2005) (quoting Franklin v. Johnson, 290 F.3d 1223, 1230 (9th Cir. 2002)).

The doctrine of procedural default states that a federal habeas court may not consider a claim rejected by a state court if the state court's decision rested on a state law ground that is "independent of the federal question and adequate to support the judgment." Walker v. Martin, 562 U.S. 307, 315 (2011). A typical procedural bar is a state court's determination that a petitioner's petition is untimely. To be clear, Judge Drozd did not find that any of petitioner's claims are procedurally barred. Rather, Judge Drozd found that petitioner had failed to exhaust his state court remedies for some of his claims.

The doctrine of exhaustion is a requirement set out in the habeas corpus statute. Under 28 U.S.C. § 2254(b)(1)(A), a court may not grant a habeas corpus petition unless the petitioner has "exhausted the remedies available in the courts of the State." Exhaustion requires a petitioner provide the state's highest court with a "full and fair opportunity to consider all claims." Rhines v. Weber, 544 U.S. 269, 273 (2005). There are exceptions to the exhaustion requirement where "there is an absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B)(i) and (ii).

Petitioner does state that there are no state remedies available to him. (ECF No. 13 at 7.) Petitioner asserts that the state courts "show no signs of changing their opinions." He also states that because he was denied an adequate opportunity to adduce the facts, he was "subjected to otherwise deficient or unconstitutional procedures." (Id. at 12.) Petitioner explains that after he filed a petition in the Butte County Superior Court for post-conviction discovery, the superior court appointed him counsel and "forwarded" his petition to the district attorney's office. Deputy District Attorney Stacy J. Edwards then filed a declaration which, according to petitioner, contains "admissions" of both Brady violations and ineffective assistance of counsel. (Id. at 13-14.) In that declaration, attorney Edwards states that she provided petitioner's then counsel, Mr. Ortner, a copy of all discovery that had been provided to petitioner's trial and habeas attorneys. (ECF No. 3 at 35-36.) Petitioner states that he asked the court to provide him a copy of all the

1  discovery, but the court denied that request and provided him only a copy of attorney Edwards'
2  declaration. (ECF No. 13 at 14.)
3        Petitioner claims the discovery provided, which totals 1070 pages, shows his factual
4  innocence. (Id. at 17.) He states that his state habeas attorney, Kevin Sears, was not provided all
5  that discovery, contrary to attorney Edwards' declaration. (Id. at 17, 20.) However, petitioner
6  also states that attorney Sears is the one who told petitioner that there were "factual innocence
7  documents" in the case file Sears received from petitioner's trial attorney. (Id. at 21.) Petitioner
8  further states that the attorney appointed for his discovery proceeding, Mr. Ortner, has
9  "effectively abandoned Petitioner by not presenting the factual innocence Brady material through
10 a motion for reconsideration of the April 3, 2014 denial of the Writ." (Id. at 19.)
11       While the court understands petitioner's frustration with the process, the exhaustion
12 doctrine states that this court cannot consider his claims until he has presented them to the
13 California Supreme Court. Petitioner raises six claims in his federal petition here. However, in
14 his FAP, he admits that he has only brought one of those claims, claim 3 (alleging violations of
15 Brady and Giglio), before the California Supreme Court. This court recognizes that petitioner
16 may have raised the remaining claims before the California Supreme Court during the time that
17 this motion for reconsideration has been pending. This court will provide petitioner an
18 opportunity to explain whether he has, in fact, done so.
19       If petitioner has not yet raised his remaining five claims before the California Supreme
20 Court, then this court finds that he has failed to show he is prevented from doing so or that the
21 California Supreme Court will not consider them. Further, if petitioner has, as he claims, newly
22 discovered evidence, that evidence must be presented to the highest state court before it may be
23 considered here. See Cullen v. Pinholster, 563 U.S. 170, 181-82 (2011). The court notes that
24 there are a number of ways petitioner can support his factual allegation regarding his claimed
25 Brady violations and ineffective assistance of counsel. The California Supreme Court has held
26 that petitioner should support his claims with "reasonably available documentary evidence"
27 which can include "affidavits or declarations." People v. Duvall, 9 Cal. 4th 464, 474 (1995).
28 ////

**Motion for Discovery**

On the same day he filed his FAP, petitioner moved for discovery. (ECF No. 10.) In a habeas proceeding, discovery is available only with leave of court and upon a showing of good cause. Rules Governing § 2254 Cases, Rule 6(a). Because respondent has not yet filed a response to the FAP and because the FAP appears to contain unexhausted claims, petitioner's motion for discovery is denied as premature. See Calderon v. United States Dist. Ct. (Hill), 120 F.3d 927, 928 (9th Cir. 1997) (discovery not appropriate until petitioner files a habeas petition presenting only exhausted claims); Calderon v. United States Dist. Ct. (Roberts), 113 F.3d 149 (9th Cir. 1997) (same); Kincaide v. Dickinson, No. CIV S-10-2068 FCD DAD P, 2010 WL 3745706, at *1 (E.D. Cal. Sept. 16, 2010) (discovery is premature if sought prior to respondent's response to the petition).

**Motion to Stay**

In this filing, made at the time he filed his FAP, petitioner states that he brings this motion "in compliance with this Court's August 14, 2015 order." (ECF No. 12 at 1.) At the end of the motion, petitioner states that he seeks a stay of these proceedings under Rhines. (Id. at 7.) As discussed above, the court will give petitioner an opportunity to explain whether, in the time since he filed his FAP, he has exhausted his state court remedies for all of his claims. If he has not, then the court will recommend granting petitioner's motion for a stay for the reasons set forth below.

Under Rhines v. Weber, 544 U.S. 269 (2005), a district court may stay a petition containing exhausted and unexhausted claims if the following conditions are met: (1) "the petitioner had good cause for his failure to exhaust," (2) "his unexhausted claims are potentially meritorious," and (3) "there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." 544 U.S. at 278. The Supreme Court has made clear that this option "should be available only in limited circumstances." Id. at 277. Moreover, a stay that is granted pursuant to Rhines may not be indefinite; reasonable time limits must be imposed on a petitioner's return to state court. Id. at 277-78.

////

"Good cause" under Rhines is not clearly defined. The Supreme Court has explained that in order to promote the Anti-terrorism and Effective Death Penalty Act's ("AEDPA") twin goals of encouraging the finality of state judgments and reducing delays in federal habeas review, "stay and abeyance should be available only in limited circumstances." Rhines, 544 U.S. at 277. The Ninth Circuit has provided no clear guidance beyond holding that the test is less stringent than an "extraordinary circumstances" standard. Jackson v. Roe, 425 F.3d 654, 661-62 (9th Cir. 2005). Several district courts have concluded that the standard is more generous than the showing needed for "cause" to excuse a procedural default. See, e.g., Rhines v. Weber, 408 F. Supp. 2d 844, 849 (D. S.D. 2005) (applying the Supreme Court's mandate on remand). This view finds support in Pace, where the Supreme Court acknowledged that a petitioner's "reasonable confusion" about the timeliness of his federal petition would generally constitute good cause for his failure to exhaust state remedies before filing his federal petition. Pace v. DiGuglielmo, 544 U.S. 408, 416-17 (2005). However, in Wooten v. Kirkland, 540 F.3d 1019 (9th Cir. 2008), the Ninth Circuit ruled that petitioner did not show good cause by arguing that he was "under the impression" that his counsel had raised all claims before the state court of appeal. 540 F.3d at 1024. The Ninth Circuit explained that finding good cause in that argument "would render stay-and-abey orders routine" and "would run afoul of Rhines and its instruction that district courts should only stay mixed petitions in 'limited circumstances.'" Id. at 1024. In 2014, the Ninth Circuit clarified that "[t]he good cause element is the equitable component of the Rhines test," and that although "a bald assertion cannot amount to a showing of good cause, a reasonable excuse, supported by evidence to justify a petitioner's failure to exhaust, will." Blake v. Baker, 745 F.3d 977, 982 (9th Cir. 2014).

In his motion, petitioner argues he has shown good cause because he has newly discovered evidence. (ECF No. 12 at 2.) Petitioner points to the California Supreme Court's denial of his October 8, 2014 habeas petition with a citation to People v. Duvall, 9 Cal. 4th 464, 474 (1995). As petitioner correctly points out, the citation to Duvall indicates the California Supreme Court denied the petition because it failed to "state fully and with particularity the facts on which relief is sought" and "include copies of reasonably available documentary evidence

9

supporting the claim." 9 Cal. 4th at 474. Petitioner shows that in 2015 he attempted to obtain documentary evidence. In June 2015, petitioner sought post-conviction discovery through a proceeding in the Butte County Superior Court. (See ECF No. 12 at 9-28.) Petitioner's request for judicial notice of these Butte County proceedings is granted.[3] Fed. R. Evid. 201.

Petitioner attaches a June 30, 2015 declaration of Deputy District Attorney Stacy J. Edwards, which appears to have been filed in that proceeding. (Id. at 31-32.) Attorney Edwards states therein that the superior court appointed an attorney for petitioner in the post-conviction discovery proceeding and that the district attorney's office turned over "all documents material to the proceedings" to that attorney, and that those documents were the same as those turned over to petitioner's trial attorney and petitioner's habeas attorney. Petitioner states in his motion that "[t]he state effectively concedes Petitioner's factual innocence by turning over the requested factual innocence Brady material."

Petitioner has met the three prongs of Rhines. First, petitioner states that the 2015 post-conviction discovery proceedings resulted in new evidence relevant to his claims. Thus, he has shown good cause for his failure to exhaust those claims prior to that time. Second, if petitioner has, in fact, discovered new evidence which was not provided to the defense at trial or which trial counsel unreasonably failed to use at trial, petitioner has potentially meritorious claims. Finally, the court finds no indication petitioner has engaged in dilatory tactics. In fact, the contrary appears to be true. Petitioner appears to be actively trying to prosecute his habeas claims.

---

[3] Petitioner also requests the court take judicial notice of two proceedings in the California Supreme Court but does not explain those proceedings. The first, case no. S227846, was a "Petition for writ of habeas corpus" filed by petitioner pro per on July 15, 2015 and denied summarily on October 14, 2015. The electronic docket available to this court does not provide access to the contents of this state court petition and petitioner does not explain what claims he raised in that state court petition. The second case referenced by petitioner is case no. S228766. The electronic docket for that proceeding shows that petitioner filed a habeas petition on August 24, 2015 and that it was also denied on October 14, 2015. The California Supreme Court's docket contains a statement explaining that "[t]he petition for writ of habeas corpus is denied. (See In re Miller (1941) 17 Cal.2d 734, 735.)" The citation to In re Miller indicates that the California Supreme Court denied petitioner's August 24, 2015 petition because a prior petition "was based on the same grounds set forth in the present petition" and since the time the prior petition was denied, "no change in the facts or the law substantially affecting the rights of the petitioner has been disclosed." 17 Cal. 2d at 735.

Accordingly, if petitioner's claims remain unexhausted, the undersigned will recommend a stay of these proceedings to permit petitioner to exhaust his state court remedies. Petitioner is reminded that exhaustion requires he provide the state's highest court with a "full and fair opportunity to consider all claims." Rhines, 544 U.S. at 273. Once he has done so, and once the California Supreme Court has ruled on his claims, he may seek to lift the stay here and proceed with his federal habeas petition.

### Motions to Expedite Review and for a Stay of State Sentence

On August 22 and September 21, 2016, petitioner filed motions to expedite these proceedings and to stay his state court sentence. (ECF Nos. 17, 18.) Therein, petitioner lists his numerous pending federal and state proceedings, complains about this court's delay in resolving his habeas claims, makes various complaints about the conditions of his confinement, makes arguments that he should have been tried in juvenile court, and seeks an immediate ruling on the merits of his federal petition or a "stay" of his state court sentence. The court recognizes that, due to its overburdened docket, petitioner's case has not been addressed expeditiously. Herein, the undersigned attempts to clarify the status of petitioner's case and set a path for moving forward.

With respect to petitioner's complaints about the conditions of his confinement (see ECF No. 18 at 2-22), those issues cannot be addressed in this habeas corpus proceeding. Issues regarding conditions of confinement must be raised in a proceeding under 42 U.S.C. § 1983. See Muhammad v. Close, 540 U.S. 749, 751 (2004) (per curiam). With respect to petitioner's arguments, which appear to be new, that his conviction and/or sentence are invalid because the adult court did not have jurisdiction over him, those arguments sound in habeas, and any claim on that basis must first be raised in the state courts pursuant to the exhaustion doctrine discussed above. Finally, this court cannot "stay" petitioner's state court sentence based on the request here. Petitioner's challenges to his state court conviction and sentence are the subject of this habeas proceeding and, as discussed above, petitioner must exhaust his claims before this court may consider those habeas claims.

This court notes that petitioner states he has made recent filings in the California Supreme Court. He references one, case no. S235367. (See ECF No. 17 at 2.) Like the California

Supreme Court cases petitioner cited to the court previously and are discussed in footnote 3, above, the docket of California Supreme Court case no. S235367, which is available to this court, does not permit this court to examine the contents of petitioner's filing there. Therefore, it is not possible for this court to know what, if any, claims were raised in that state court case. If petitioner has attempted to satisfy the exhaustion requirement in those filings before the California Supreme Court, petitioner must explain how he has done so.

For the foregoing reasons, IT IS HEREBY ORDERED as follows:

1. Petitioner's Motion for Reconsideration (ECF No. 13) is granted in part. Within twenty days of the date of this order, petitioner shall file a statement explaining whether he has exhausted all six claims raised in the first amended petition by raising them before the California Supreme Court and receiving a ruling from the California Supreme Court. If petitioner's statement shows that he has exhausted all claims, then these federal proceedings will resume. If petitioner's statement shows that petitioner has not exhausted all claims, then, at that time, the undersigned will recommend that petitioner's motion for a stay of these proceedings be granted for the reasons set forth above.
2. Petitioner's Motion for Discovery (ECF No. 10) is denied without prejudice;
3. Petitioner's Motion to Expedite Review (ECF No. 17) is denied; and
4. Petitioner's Motion for a Stay of the State Proceedings (ECF No. 18) is denied.

Dated: November 22, 2016

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DLB1/prisoner-habeas/Serm2729.mot for recon