1
2
3
4
5
6
7
8                              UNITED STATES DISTRICT COURT
9                          FOR THE EASTERN DISTRICT OF CALIFORNIA
10
11   LARRY ALTAMIRANO SERMENO,                 No.  2:14-cv-02729 DB P
12                  Petitioner,
13          v.                                 ORDER
14   M.E. SPEARMAN,
15                  Respondent.
16

Petitioner, a state prisoner proceeding pro se, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  (ECF No. 1.)  Petitioner is now proceeding on his first amended petition.  (ECF No. 9.)

Petitioner filed his initial petition on November 20, 2014.  (ECF No. 1.)  On August 17, 2015, then-Magistrate Judge Dale A. Drozd entered an order dismissing the petition for failure to exhaust all claims in state court.  (ECF No. 8.)  However, the court afforded petitioner the opportunity to file an amended petition along with a motion for stay and abeyance pursuant to Rhines v. Weber, 544 U.S. 269, 273 (2005).  Petitioner then timely filed the first amended petition (ECF No. 9) and motion for stay and abeyance (ECF No. 12).  On August 2, 2016, the case was reassigned to the undersigned.  (ECF No. 16.)  On November 23, 2016, the undersigned entered an order requiring petitioner to file a statement explaining whether he had exhausted all six claims raised in the first amended petition by raising them and receiving a ruling from the

1

California Supreme Court. (ECF No. 19.) Petitioner timely filed a statement on the record affirming that all six claims were exhausted in state court. (ECF No. 21.) Thereafter, the court entered an order denying petitioner's motion to stay as moot and noting that the court would address the screening of the first amended petition and petitioner's motion for reconsideration (ECF No. 23) by separate order. (ECF No. 29.)

Since that order, petitioner has filed several motions: (1) a motion to appoint counsel (ECF No. 32); (2) two motions for expeditious review of plaintiff's first amended petition (ECF Nos. 34; 37); and (3) a motion for leave to supplement the first amended petition (ECF No. 36). The court will address each of these motions below.

### I. Motion to Appoint Counsel

Petitioner has requested the appointment of counsel. There currently exists no absolute right to appointment of counsel in habeas proceedings. See Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996). However, 18 U.S.C. § 3006A authorizes the appointment of counsel at any stage of the case "if the interests of justice so require." See Rule 8(c), Fed. R. Governing § 2254 Cases. In the present case, the court does not find that the interests of justice would be served by the appointment of counsel at the present time.

Accordingly, petitioner's request for appointment of counsel (ECF No. 32) is denied without prejudice to a renewal of the motion at a later stage of the proceedings.

### II. Motion for Leave to Supplement

Under 28 U.S.C. § 2242, an application for a writ of habeas corpus "may be amended or supplemented as provided in the rules of procedure applicable to civil actions." See also Rule 12 of the Rules Governing § 2254 Cases (recognizing general applicability in habeas of rules of civil procedure). Petitioner's motion is governed by Federal Rule of Civil Procedure 15(a)(1), which permits an amended pleading as a matter of course within 21 days after serving it.

The petition in this case has not yet been served on respondent and so plaintiff may still amend once as a matter of course. Accordingly, the undersigned grants petitioner's motion to supplement. Petitioner shall, within 14 days of this order, file a second amended petition as a separate docket entry in this case. The court will thereafter screen the second amended petition.

### III. Motions for Expeditious Review

Plaintiff filed two motions for expeditious review of his first amended petition. (ECF Nos. 34; 37.) Now that the court is granting petitioner's motion to supplement his petition, these motions are moot. Accordingly, the motions will be denied as moot.

### IV. Motion for Reconsideration

Additionally, plaintiff's motion for reconsideration (ECF No. 23) also concerns the first amended petition and includes a request to expedite review of the first amended petition. Because the court is granting plaintiff's motion to supplement the petition, this motion, too, is now moot and will be denied without prejudice. If, after filing a second amended petition, petitioner still believes that the court needs to address his requests for relief in the motion for reconsideration, plaintiff may refile the motion at that time.

### V. Conclusion

For the foregoing reasons, IT IS HEREBY ORDERED that:

(1) Petitioner's motion to appoint counsel (ECF No. 32) is denied;

(2) Petitioner's motion for leave to supplement the petition (ECF No. 36) is granted;

(3) Petitioner shall, within 14 days of this order, file a second amended petition as a separate entry in this case;

(4) Petitioner's motion for expeditious review (ECF Nos. 34; 37) are denied as moot; and

(5) Petitioner's motion for reconsideration (ECF No. 23) is denied as moot.

Dated: March 30, 2017

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

TIM-DLB:10
DB / ORDERS / ORDERS.PRISONER.HABEAS / serm2729.mts